# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| RENEE AFSHAR,<br><br>Plaintiff,<br>vs.<br><br>WMG, L.C., MICHAEL GOCHE, JOSEPH GOCHE, and JEANNE GOCHE-HORIHAN,<br><br>Defendants. | No. C 14-3054-MWB<br><br>***SUA SPONTE* ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

_____

This diversity action arises from disputes among siblings who are members of a limited liability company, which their parents established as an estate-planning tool for the transfer of farm real estate in Kossuth County, Iowa, to their children. Plaintiff Renee Afshar, who alleges that she is a "citizen" of Georgia, has brought suit against WMG, L.C., (WMG), which she alleges, and all defendants admit, is an Iowa limited liability company; Michael Goche, who admits Renee's allegation that he is a "resident" of Wisconsin; Joseph Goche, who denies Renee's allegation that he is a "resident" of Fairmont, Minnesota, but does not clarify his residence or state citizenship; and Jeanne Goche-Horihan, who admits Renee's allegation that she is a "resident" of Iowa. All four siblings are "Members" of WMG, with equal shares in the company, but only the three individual defendants are "Managers" of WMG. In her Complaint (docket no. 2), filed September 8, 2014, Renee alleges breach of WMG's operating agreement by WMG and the individual defendants for failing to carry out a resolution at WMG's June 2014 annual meeting that required the company to transfer money and property to her. She seeks specific performance or, in the alternative, damages on these claims. She also asserts

claims for breach of fiduciary duty, *i.e.*, minority shareholder oppression, by her siblings; a declaration that the resolution to transfer money and property to her was properly passed and that the company, through its managers, is required to carry out the resolution; and appointment of a receiver.

In her Motion For Partial Summary Judgment (docket no. 15), filed June 2, 2015, Renee seeks summary judgment that the defendants are obligated to perform the resolution to transfer money and property to her. This case was reassigned to me on August 20, 2015. I find that I need not consider Renee's Motion For Partial Summary Judgment, until I have resolved the question of whether this court lacks subject matter jurisdiction over this action.

Because federal courts are courts of limited jurisdiction, they must assure themselves that they have subject matter jurisdiction over claims before them at all stages of the proceedings, even if the parties do not raise the question of subject matter jurisdiction themselves. As the Eighth Circuit Court of Appeals explained, when holding that a district court did not err in *sua sponte* ruling on the issue of subject matter jurisdiction:

> It is well established that a court has a special obligation to consider whether it has subject matter jurisdiction in every case. *See Clark v. Baka*, 593 F.3d 712, 714 (8th Cir.2010) (per curiam). This obligation includes the concomitant responsibility "to consider *sua sponte* [the court's subject matter] jurisdiction … where … [the court] believe[s] that jurisdiction may be lacking." *Id*.

*Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011); *see also Crawford v. F. Hoffman–La Roche, Ltd.*, 267 F.3d 760, 764 n. 2 (8th Cir. 2001) ("[F]ederal courts are obligated to raise the issue of subject-matter jurisdiction *sua sponte*.") (citing *Andrus v. Charlestone Stone Products Co.*, 436 U.S. 604, 608 n. 6, 98 S.Ct. 2002, 56 L.Ed.2d 570 (1978)); *see also Morris v. Winnebago Indus., Inc.*, 936 F. Supp. 1509, 1530 n.8

(N.D. Iowa 1996); *McCorkindale v. American Home Assur. Co.*, 909 F. Supp. 646, 649 n.4 (N.D. Iowa 1995); *Laird v. Ramirez*, 884 F. Supp. 1265, 1269–70 (N.D. Iowa 1995).

In this case, subject matter jurisdiction is premised on "diversity jurisdiction," pursuant to 28 U.S.C. § 1332. As the Eighth Circuit Court of Appeals recently reiterated,

> Diversity jurisdiction "requires an amount in controversy greater than $75,000 and complete diversity of citizenship of the litigants." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id*. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *Id*.

*E3 Biofuels, L.L.C. v. Biothane, L.L.C.*, 781 F.3d 972, 975 (8th Cir. 2015). The parties cannot confer subject matter jurisdiction by consent or agreement. *See, e.g., Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011).

Here, it appears that WMG, a limited liability company, is a citizen of Georgia, where Renee, a "member" of the limited liability company, is also a citizen. *E3 Biofuels, L.L.C.*, 781 F.3d at 975. Thus, it appears that "complete diversity" is lacking, *id.*, and that this case should be dismissed for lack of subject matter jurisdiction. *Hart*, 630 F.3d at 1091 (modifying the district court's *sua sponte* dismissal for lack of subject matter jurisdiction only to require that the dismissal be without prejudice). However, before dismissing this case, I will give the parties the opportunity to brief the question of whether there is, nevertheless, some basis for subject matter jurisdiction in this case.

THEREFORE, **not later than October 5, 2015,** the plaintiff *shall file* a brief showing why this court has subject matter jurisdiction or a notice that she does not dispute dismissal of this case, without prejudice, for lack of subject matter jurisdiction. **Not later**

**than October 12, 2015,** the defendants *may file* any response to the plaintiff's filing pursuant to this order.

      **IT IS SO ORDERED**.

      **DATED** this 21st day of September, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA